# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **KYLE D. PIKALUK,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| Vs. § | No. 5:18-cv-00215-SMH-MLH | |
| § | | |
| **HORSESHOE ENTERTAINMENT LIMITED** § | **Judge S. Maurice Hicks, Jr.** | |
| **PARTNERSHIP, D/B/A "HORSESHOE HOTEL** § | **Magistrate Judge Mark Hornsby** | |
| **& CASINO", STEVEN JONES, JOSEPH C.** § | | |
| **THOMERSON, D. RAZINSKY, and JORDAN** § | | |
| **D. JOHNSON,** § | | |
| § | **Jury Trial Demanded** | |
| Defendants. § | | |

**PLAINTIFF'S RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY HORSESHOE ENTERTAINMENT, LP**

To:   Defendant, Horseshoe Entertainment, LP, by and through its attorneys, Scott L. Zimmer, Esq., Kean Miller, LLP, 333 Texas Street, Suite 450, Shreveport, Louisiana 71101.

Plaintiff, Kyle D. Pikaluk ("*Plaintiff*"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, serves the following responses and objections to *Horseshoe Entertainment's First Set of Interrogatories* ("*Interrogatories*") propounded by Defendant, Horseshoe Entertainment, LP ("*Defendant*"), as follows:

**PRELIMINARY OBJECTIONS APPLICABLE TO ALL DISCOVERY REQUESTS**

1.   Plaintiff objects to the *Interrogatories*, and hereby asserts a privilege with respect to the *Interrogatories*, to the extent they seek to discover any information or request the production of documents or things subject to the attorney-client privilege, work product privilege, or any other privilege or exemption.

2.   Plaintiff objects to the *Interrogatories* to the extent they seek information or documents protected from disclosure under Louisiana or other applicable laws.

1

3. Plaintiff objects to any *Interrogatories*, instructions, or directives that any information be provided or documents or things produced in a manner not required by the Federal Rules of Civil Procedure.

4. Plaintiff objects to any *Interrogatories* to the extent such *Interrogatories* seek discovery of any information or documents beyond the scope of permissible discovery provided by the Federal Rules of Civil Procedure.

5. Plaintiff has not completed discovery of the Defendants and third parties in this action and therefore Plaintiff's answers and responses to these *Interrogatories* remain subject to such additional facts and information that Plaintiff learns through such discovery. Plaintiff reserves the right to amend or supplement any of the following answers in whole or in part.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

Without waiving any of the foregoing objections, and without waiving the right to object to the use or admissibility at trial of any of the following information under any of the Federal Rules of Evidence, which right is hereby reserved and preserved, Plaintiff objects and responds to the *Interrogatories* as follows:

**INTERROGATORY NUMBER 1:**

Please state your full name, any aliases, your address, your date of birth, and marital status.

**RESPONSE:**

Kyle David Peter Pikaluk; None; 946 Pringle Cove, Saskatoon, Saskatchewan, Canada; March 21, 1989; Unmarried

**INTERROGATORY NUMBER 2:**

Please state the names and addresses of all hospitals, physicians, surgeons, osteopaths, chiropractors, psychiatrists, psychologists, counselors and other health care providers who have examined and/or treated you for injuries, physical, mental or emotional, which you contend you sustained in the incident which is the subject of this lawsuit.

**RESPONSE:**

None

**INTERROGATORY NUMBER 3:**

Please state the names and addresses of all hospitals, physicians, surgeons, osteopaths, chiropractors, psychiatrists, psychologists, counselors and other health care providers who have provided treatment to you and/or who have examined you at any time in the ten (10) years immediately prior to March 17, 2017.

**RESPONSE:**

Plaintiff objects to such *Interrogatory* as irrelevant to the claim or defense of any party and as not reasonably calculated to lead to the discovery of relevant or admissible evidence, facts, or information. Plaintiff is not claiming that he suffered any physical injury as a result of his false imprisonment, false arrest, or violation of his constitutional rights by Defendants other than the pain and suffering inflicted through being restrained and handcuffed for approximately 30 minutes.

**INTERROGATORY NUMBER 4:**

Please state whether you have been a party to any action, case, proceeding or lawsuit (in any court of law or equity, governmental or administrative body or agency, tribal court or any other court or tribunal) in the ten (10) years prior to March 17, 2017, whether as a plaintiff,

3

defendant or any other party. If so, for each such action, please identify the type of proceeding, case caption, all parties involved and outcome of the proceeding.

**RESPONSE:**

Yes; See documents produced by Plaintiff designated KP-000010 through KP-000649.

**INTERROGATORY NUMBER 5:**

To the best of your ability, please describe, in detail, all injuries sustained by you in the incident which is the subject of this litigation.

**RESPONSE:**

a. Loss of $33,700.00 due to Horseshoe's refusal to redeem or cash its casino chips/tokens.

b. $2,500.00 in attorney's fees paid to Kyle Robinson to defend against false criminal charges that Defendants maliciously prosecuted.

c. $30.00 bond fee for $500.00 cash bond posted by Plaintiff to be released from Bossier City jail.

d. $40.00 for transportation following release from Bossier City Jail.

e Interest on $33,770.00 from March 18, 2017, interest on $500.00 bond from March 18, 2017, through February 17, 2018, and interest on $2,500.00 from May 14, 2017, in each case calculated at the Louisiana prejudgment interest rate(s).

e. Humiliation, emotional distress, mental anguish, deprivation of personal freedom and liberty, pain and suffering inflicted by being unnecessarily restrained and handcuffed for at least 30 minutes, impugning and defamation of character, damage to reputation, creation of an arrest record in the United States, seizure of his person, seizure of his property, incarceration for approximately 2.5 hours, malicious prosecution of false criminal charges, and uncertainty and distress created by those charges during the approximately four months those charges were pending before they were dismissed.

f. Increased scrutiny, delay, and difficulty in traveling to United States from Canada due to arrest record that is available to border and customs agents.

g. Fees, costs, and attorney's fees that Plaintiff will be required to incur and expend in order to expunge the arrest record created when he was wrongfully arrested and prosecuted by Defendants.

**INTERROGATORY NUMBER 6:**

If you have now recovered from the injuries you claim as a result of the incident, which is the subject of this litigation, please state the approximate date of your recovery; if not, please describe any symptom, sign, or other evidence of injury from which you are presently suffering.

**RESPONSE:**

Plaintiff did not sustain a physical injury as a result of his false arrest, false imprisonment, or violation of constitutional rights by Defendants other than the discomfort and pain and suffering inflicted and caused by being handcuffed for approximately 30 minutes. Plaintiff is still suffering from the monetary losses and other injuries described in *Interrogatory No. 5* above.

**INTERROGATORY NUMBER 7:**

Do you or your attorney or other representatives have any photographs, videos, maps, drawings, measurements, or other descriptions taken in connection with the alleged incident, the alleged injuries and any other things involved in this lawsuit? If so, for each photograph, video, map, drawing, measurement, or other description, please state:

    (a)    What it depicts;

    (b)    The name and address of the person who has custody of it.

**RESPONSE:**

In addition to the documents produced by Defendants in this action, see KP – 00652 being produced by Plaintiff depicting the time at which Plaintiff was released from the Bossier City jail and his wait for a taxi to take him back to his hotel.

**INTERROGATORY NUMBER 8:**

For the ten (10) years immediately preceding the date of the accident referred to in the petition, please state the names and addresses of each of your employers, the dates of

commencement and termination of each such source of employment, and a detailed description of the services or work performed for each source of employment.

**RESPONSE:**

City of Saskatoon
222 3rd Ave North,
Saskatoon, SK, S7K0J5 Canada
Position- Engineering Technician 15
May 6, 2014 to present

Inspect new and existing roadways and water and sewer construction

Performance Plus Distributors
416 22nd Street West
Saskatoon, SK, Canada S7M 0R4
2007 - 2008

Western Grocers
Division of Westfair Foods
302 Melville Street
Saskatoon, SK, Canada S7J 4M62009

2009

**INTERROGATORY NUMBER 9:**

If you contend that you have lost any time from your employment because of the incident referred to in your petition, please state the name and address of each employer from whom time was lost, and, for each such employer, please state:

(a) The number of days lost and the dates; and

(b) The amount of wages, income or benefits lost.

**RESPONSE:**

Plaintiff does not contend that he lost time from his employment because of his false arrest, imprisonment, malicious prosecution, or violation of his constitutional rights by Defendants.

**INTERROGATORY NUMBER 10:**

Please describe, in your own words, how the events described in your lawsuit have affected you or your activities of daily living and/or routine, including but not limited to any extra-curricular activities, amateur/professional interests, travel, reputation or standing in your community.

**RESPONSE:**

Plaintiff objects to such *Interrogatory* as overly broad and ambiguous to the extent that it requests Plaintiff to describe in detail each and every occasion or manner during the last 15 months in which he has been affected by his wrongful arrest, malicious prosecution, and other torts committed by Defendants, including Plaintiff's need to engage and confer with counsel to represent him in this action and in the dismissed criminal action. Subject to such objection and without waiver thereof, Plaintiff provides the following general description of how such events have affected him:

1. Plaintiff now has an arrest record in the United States and must disclose and explain the arrest if and whenever requested by prospective employers, immigration and border officials, other governmental agencies and authorities, prospective lenders, or other persons requiring such information for proper reasons;

2. Plaintiff now has to answer "yes" whenever asked whether he has ever been charged with a crime;

3. Plaintiff has been (and continues to be) deprived of the use and enjoyment of approximately $36,000.00 U.S. dollars due to Horseshoe's refusal to redeem or cash its casino chips and the attorney's fees and other amounts he has expended to defend himself against Defendants' false charges. Plaintiff has been unable to invest or pay debts with those funds.

7

Plaintiff had planned to make a significant prepayment on the mortgage on his residence with those funds;

4. Each time that Plaintiff travels to the United States he must plan, prepare, and account for more time than a normal or regular Canadian citizen or airline passenger. Plaintiff must now book long (or longer) layovers upon arrival to the United States to allow for such additional processing time. Because of Plaintiff's false arrest and false criminal charges, he is now subjected to increased scrutiny and additional processing time by border, customs, and immigration officials, including lengthy interrogations at border and airport checkpoints, treatment which he did not experience prior to his false arrest and malicious prosecution by Defendants. Plaintiff is now fingerprinted and interrogated by multiple officials and who now treat Plaintiff like a criminal, which is humiliating, demeaning, and distressing. Each time that Plaintiff now travels to the United States, he worries about how immigration and border officials will treat him and whether he will be detained or refused entry, especially as a result of recent increased scrutiny of individuals at border crossings in the United States. Plaintiff has been forced to always travel with certified copies of the public records showing that the false and maliciously prosecuted criminal charges were dismissed.

**INTERROGATORY NUMBER 11:**

Please state whether you have ever been convicted of any criminal offense. If so, please identify each conviction as follows:

    a) Nature of offense;

    b) Date of offense;

    c) Date of conviction; and

    d) Name and address of Court in which convicted and docket number.

**RESPONSE:** No

**INTERROGATORY NUMBER 12:**

Please state whether you have ever been evicted, excluded, trespassed, barred, asked to leave or "backed off" by any casino or gaming facility. For any such event, please identify the date, facility and specifics of the incident.

**RESPONSE:**

Based upon Plaintiff's understanding of the terms "evicted, excluded, trespassed, barred, asked to leave, or backed off" as used in the foregoing Interrogatory, Plaintiff responds: Yes

A.  <u>Backoffs/Asked to Not Play Blackjack</u>: To the extent the terms used in the foregoing *Interrogatory* refer to when a casino employee approaches the table at which Plaintiff is playing and tells Plaintiff that the casino no longer wants Plaintiff to play blackjack, or explicitly states that Plaintiff can play any other game except blackjack, Plaintiff responds as follows:

To the best of Plaintiff's recollection, such "back offs" have occurred at the following casinos on or about the dates indicated (Plaintiff does not have records of such "backoffs" and cannot provide the exact dates):

Mirage, Las Vegas, NV 04/2010

Wynn, Las Vegas, NV 07/2017

Red Rock, Las Vegas, NV 07/2011

Firekeepers Casino, Battle Creek, MI 5/14/2011

New York New York, Las Vegas, NV 05/2010

Casino Rama, Orillia, Ontario, Canada 05/09/2012

Treasure Island, Welch, MN 05/2011

Treasure Island, Las Vegas, NV 01/04/2018

Motor City Casino, Detroit, MI 05/10/2012

Dakota Dunes Casino, Saskatoon, Saskatchewan, Canada 06/26/2016

Turtle Creek, Williamsburg, MI 07/2010

Stratosphere, Las Vegas, NV 01/08/2018

SLS, Las Vegas, NV 01/09/2018

Circus Circus, Las Vegas, NV 01/09/2018

B.      <u>Requests/Demands to Leave Casino:</u>  To the extent the terms used in the foregoing *Interrogatory* refer to when a casino employee asks or demands that Plaintiff leave the casino, Plaintiff responds as follows:

To the best of Plaintiff's recollection, casino employees at the following casinos asked or demanded that Plaintiff leave their casinos on or about the dates indicated (with two exceptions, Plaintiff does not have records of such events and cannot provide the exact dates for all such requests/demands):

Deerfoot Casino, Calgary, Alberta, Canada 06/2010

Horseshoe, Council Bluffs, IA 12/07/2011

Ballys, Las Vegas, NV 5/11/2013

Paris, Las Vegas, NV 11/06/2011

Bill's Gambling Hall, Las Vegas, NV 06/02/2012

Caesar's Palace, Las Vegas, NV Unsure of date

Fallsview, Niagara Falls, Ontario, Canada 9/25/2016 – Sent Formal Trespass Notice

Nooksack River Casino, Deming, WA 06/12/2011

Diamond Jacks Casino, Vicksburg, MS 06/2014

Virgin River Casino, Mesquite, NV 11/04/2011

In further response to such Interrogatory, see documents produced by Plaintiff and designated KP-000010 through KP-00650

**INTERROGATORY NUMBER 13:**

Please state whether any casino or gaming facility has ever refused to cash in your chips or tokens. For any such occurrence, please identify the date, face amount of the chips/tokens, and casino or gaming facility involved.

**RESPONSE:**

No

**INTERROGATORY NUMBER 14:**

Prior to March 17, 2017, had you ever alleged that and [sic] casino or gaming facility violated your constitutional rights, falsely arrested or imprisoned you or assaulted you? If so, please identify all such instances by date, identity of the casino or gaming facility, specific nature of your allegations and the outcome of your allegations.

**RESPONSE:**

Yes; See documents produced by Plaintiff designated KP-000010 through KP-000649

**INTERROGATORY NUMBER 15:**

Please describe, in detail, all "increased scrutiny and difficulty in traveling between the United States and Canada" you have encountered at any time since March 18, 2017.

**RESPONSE:**

See answer to *Interrogatory No. 10* above.

**INTERROGATORY NUMBER 16:**

Please identify all evidence which you contend supports your allegations of any "conspiracy" by and between any of the defendants in the captioned lawsuit.

**RESPONSE:**

Plaintiff objects to the foregoing *Interrogatory* as overly broad and premature because Plaintiff is not required to muster his evidence and disclose witnesses and exhibits to be called and used at trial until the time set in any scheduling or pretrial order entered in this action. Plaintiff further objects to such Interrogatory to the extent it seeks the mental impressions, conclusions, and strategy of Plaintiff's counsel, which information is protected by the attorney work privilege,

which privilege is hereby asserted under Rule 26(b) of the Federal Rules of Civil Procedure and Rules 501, *et seq*. of the Federal Rules of Evidence. Plaintiff further objects to such *Interrogatory* as premature because discovery has not been completed and is ongoing as of this time and the information requested is primarily if not exclusively within the possession of Defendants. Subject to such objections and without waiver thereof, Plaintiff refers Horseshoe to the videotapes, audiotapes, incident reports, and other documents produced by defendants in this action and to documents possessed by Plaintiff's Texas counsel relating to *Blauvelt v Horseshoe Entertainment, LP, d/b/a "Horseshoe Hotel & Casino" and Murray Wells* that further evidences the conspiracy between the Horseshoe, its employees, and members of the Bossier City Police department to abuse casino patrons such as Plaintiff if they are perceived to be "winners". In further response to such *Interrogatory*, Plaintiff states that discovery in this action has just begun and that he believes that further discovery from defendants will produce further evidence of their conspiracy to violate his civil rights by falsely arresting and imprisoning Plaintiff and maliciously prosecuting him for a crime that he did not commit.

**INTERROGATORY NO. 17:**

Please state whether you have ever sought protection under the United States Bankruptcy Code. If so, please state:

   a)   The Court in which bankruptcy protection was sought;
   b)   The chapter under which protection was sought;
   c)   The date the petition was filed; and,
   d)   The date of discharge, if applicable.

**RESPONSE:** No

Dated: June 29, 2018

*[signature: John P. Lewis]*
John P. Lewis, Jr.
Texas State Bar No. 12294400
(Admitted *Pro Hac Vice*)
1412 Main Street, Suite 210
Dallas, Texas 75202
Telephone: (214) 742-5925
Facsimile: (214) 742-7110
Email: jplewisjr@mindspring.com

Glen D. Vamvoras (#2156)
Michael H. Schwartzberg (#17786)
Vamvoras Schwartzberg & Antoon, LLC
1111 Ryan Street
Lake Charles, Louisiana 70601
Telephone: 337-433-1621
Facsimile: 337-433-1622
Email: glen@vslaw.com
mike@vslaw.com

ATTORNEYS FOR PLAINTIFF,
KYLE D. PIKALUK

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 29, 2018, he served a true and correct copy of the foregoing *Plaintiff's Responses and Objections to Horseshoe Entertainment's First Set of Interrogatories* by email transmission, upon (a) Scott L. Zimmer, Esq., Kean Miller, LLP, 333 Texas Street, Suite 450, Shreveport, Louisiana 71101, Attorneys for Defendants Horseshoe Entertainment Limited Partnership, d/b/a "Horseshoe Hotel & Casino", and Steven Jones, and (b) Kenneth Mascagni, Esq., Cook, Yancey, King & Galloway, P.C., P. O. Box 22260, 333 Texas Street, Suite 1700, Shreveport, Louisiana 71101, Attorneys for Defendants Joseph C. Thomerson, D. Razinsky, and Jordan D. Johnson.

*[signature: John P. Lewis]*
John P. Lewis, Jr.

13

## VERIFICATION

Kyle D. Pikaluk, Plaintiff in the captioned action, hereby declares and verifies under penalty of perjury of the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the substantive answers provided in the foregoing *Plaintiff's Responses to Horseshoe Entertainment's Interrogatories* are true and correct.

_____
Kyle D. Pikaluk